IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Steve R. Jamerson, #131203 )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>State of South Carolina; and )<br>Warden of Kershaw )<br>Correctional Institution, )<br>)<br>Respondent. )<br>) | Civil Action No.8:08-2077-HFF-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the respondent's motion for summary judgment (Dkt. # 20)[1] and the petitioner's motion for summary judgment (Dkt. # 25).[2]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on May 28, 2008.[3] On November 6, 2008, the respondent moved for summary judgment. By order filed November 7, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to

---

[1] A prisoner's custodian is the only proper respondent in a habeas corpus action. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Therefore, as the warden is the only proper party in a habeas action, the State of South Carolina should be dismissed from this action. Accordingly, the undersigned will refer to the Warden as the only respondent throughout this report.

[2] The undersigned notes that the petitioner failed to set forth any argument in support of his motion for summary judgment. (Dkt. # 25.)

[3] This date reflects that the envelope containing the petition was date stamped as having been received on May 28, 2008, at the McCormick Correction Institution mailroom. (Pet. Attach. # 1.) *Houston v. Lack*, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when given to prison authorities for forwarding to the district court).

adequately respond to the motion. On December 8, 2008, the petitioner filed a response opposing the respondent's summary judgment motion and his own motion for summary judgment. On December 29, 2008, the respondent filed a response opposing the petitioner's motion for summary judgment.

## I. **PROCEDURAL HISTORY**

The petitioner is currently confined to the Kershaw Correctional Institution ("KCI"). In July 2003, the petitioner was indicted for second degree burglary. (App. 233-34.) From February 9-11, 2004, the petitioner was tried before a jury with the Honorable Paul M. Burch presiding. The petitioner represented himself at trial. The jury convicted the petitioner as charged, and Judge Burch sentenced him to fifteen years for burglary and five years for the grand larceny, with the sentences to be consecutive to sentences he was then serving for other charges. (App. 163, 232, 235.) The petitioner did not file a direct appeal.

On July 8, 2004, the petitioner filed an application for post-conviction relief ("PCR") raising the following issues, quoted verbatim:

> A. Rule (2) Preliminary Hearing South Carolina Rules of Court Right was violated
>
> B. (14) Amendment Constitution (4) Amendment search and seizure
>
> C. Defendant requested a Mistrial "Physical Necessity"
>
> D. Ineffective Assistance of Counsel.
>
> E. Judge was Prejudice toward Defendant and wasn't attent's too all parts Defendant case. Defendant was in Pro/Se

(App. 167.) On December 5, 2005, an evidentiary hearing was held before the Honorable Wyatt T. Saunders. (App. 181-226.) The petitioner was present and represented by attorney Michael R. Jeffcoat. (App. 181.) Judge Saunders orally denied relief at the

2

hearing, and on April 27, 2006 filed an order dismissing the petitioner's PCR application. (App. 228.)  The petitioner appealed.

Assistant Appellate Defender Robert M. Pachak represented the petitioner on his PCR appeal. On June 1, 2007, Pachak filed a petition to be relieved as counsel and a "no merit" *Johnson* petition raising the following issue: "Whether petitioner should be precluded from raising ineffective assistance of counsel when he represented himself?" (Return Attach. # 4.)  On July 9, 2007, the petitioner filed a pro se brief raising the following claims, quoted verbatim:

> 1. Physical Necessary
>
> 2. Trial Court errour
>
> 3. Prosecutorial Misconduct
>
> 4. Ineffective assistance Counsel

(Return Attach. # 6 at 4.)  On May 2, 2008, the South Carolina Court of Appeals denied the *Johnson* petition and granted the motion to be relieved.  (Return Attach. # 7.)

The petitioner filed this federal habeas action on May 20, 2008, raising the following grounds for relief, quoted verbatim:

> **Ground One:**  Trial Judge failed to advise petitioner of inherent dangers of pro se representation on record nor attempted to secure outside counsel for petitioner in violation of 6th and 14th Amends.
>
> **Ground Two:** Illegal search and seizure of defendant exceeded scope and breath of search warrant in violation of 4th Amend. U.S.C.A.
>
> **Ground Three:** Deliberate indifference by the Trial Court to not Postpone or declare mistrial of petitioner because of his detorating medical condition during trial denied petitioner fair trial and equal protection of laws.
>
> **Ground Four:** Ineffective assistance of appellate counsel during time to seek appellate review when @ trial rendered no assistance for appeal.

(Pet. 6-11.)

## II. APPLICABLE LAW

### A. Summary Judgment Standard

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's

4

position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

**B. HABEAS STANDARD OF REVIEW**

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," 28 U.S.C.A. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.

**C. EXHAUSTION AND PROCEDURAL BAR**

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

I.  Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254 , which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B) (I) there is either an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

6

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. The United States Supreme Court has consistently enforced the exhaustion requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. SCAR 207; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). The second avenue of relief is by filing an application for PCR. S.C. Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. S.C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977); *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983).

ii. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from

7

raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, *Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case. *Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

iii. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue,

he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997)(citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Teague v. Lane*, 489 U.S. 288,297-98 (1989); and *George v. Angelone*, 100 F.3d 353,363 (4th Cir. 1996).

### iv. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. 478. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.*

Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982).

### III. DISCUSSION

The respondent contends that all four grounds raised in this habeas petition were procedurally defaulted in state court and thus are barred from consideration on habeas review. The undersigned agrees.

As set forth above, the petitioner raises the following claims for relief in this habeas action. In Ground One, the petitioner alleges the trial judge failed to advise petitioner of inherent dangers of pro se representation on record nor attempted to secure outside counsel for petitioner in violation of 6th and 14th Amends. In Ground Two, the petitioner alleges that there was an Illegal search and seizure in violation of his Fourth Amendment rights. In Ground Three, the petitioner alleges the trial court was deliberately indifferent by failing to postpone the trial or declare a mistrial. In Ground Four, the petitioner alleges ineffective assistance of appellate counsel "during time to seek appellate review when @ trial rendered no assistance for appeal."

First, the undersigned notes that the petitioner did not file a direct appeal. The issues raised in Grounds One, Two, and Three are in the context of trial court errors and should have been raised on direct appeal. These alleged trial court errors cannot be raised in state PCR proceedings absent a claim of ineffective assistance of counsel. *Drayton v. Evatt,* 430 S.E.2d 517, 520 (S.C. 1993) (holding in PCR petitioner cannot assert any issues that could have been raised at trial or on direct appeal).

However, the only issue raised and ruled upon by the PCR judge was whether trial counsel, the petitioner acting pro se, was ineffective. (App. 229-231.)[4] Further, the ineffective assistance of appellate counsel issue which the petitioner alleges in Ground

---

[4] In any event, as to this claim, the undersigned notes that "[a] defendant who exercises his right to appear pro se 'cannot thereafter complain that the quality of his own defense amounted to a denial of effective assistance of counsel.' " *McKaskle v. Wiggins,* 465 U.S. 168, 177 n. 8 (1984) (*quoting Faretta v. California,* 422 U.S. 806, 834 n. 46 (1975)). *See also United States v. Cassidy*, 48 Fed.Appx. 428 n.2 (4th Cir. 2002)(unpublished).

Four was not ruled on by the PCR judge and the petitioner did not file a Rule 52 or 59 motion and request a ruling on those issues. *Al-Shabazz v. State,* 527 S.E.2d 742, 747 (S.C. 2000)(holding "party must timely file a Rule 59(e), SCRCP, motion to preserve for review any issues not ruled upon by the court in its order.")  Because the PCR judge did not address this issue in his order of dismissal, the South Carolina Supreme Court would not have been able to review these issues.  *McCullough v. State,* 464 S.E.2d 340, 341 (S.C.1995); *Pruitt v. State*, 423 S.E.2d 127, n. 2 (S.C. 1992)(holding issue must be raised to and ruled on by the PCR judge in order to be preserved for review).  Accordingly, this issues is barred from habeas review.  *Coleman v. Thompson,* 501 U.S. 722 (1991).

When a state prisoner has defaulted his claims in state court, habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 750.   The petitioner appears to argue that his PCR counsel's failure to raise additional issues establishes the cause and prejudice necessary to excuse his procedural default. (Pet'r's Mem. Opp. Summ. J. Mot. at 11-12; 15.)   However, it is well-established that ineffective assistance of counsel on collateral review is not cause to excuse procedural default. *See Joseph v. Angelone,* 184 F.3d 320, 325 (4th Cir. 1999); *Mackall v. Angelone*, 131 F.3d 442, 449 (4th Cir. 1997).  Accordingly, the petitioner has not shown cause and prejudice as to these claims, or that he is actually innocent of the crimes for which he was sentenced.  Therefore, the issues raised in this habeas petition are procedurally barred from review on the merits here.

In *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as

an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta.  *See Karsten v. Kaiser Foundation Health Plan*, 36 F.3d 8, 11 (4th Cir. 1993). Therefore, once a court has determined that a claim is procedurally barred, it should not stray into other considerations.  Accordingly, the undersigned will not discuss the merits of the grounds raised in this habeas petition as all the grounds raised in the habeas petition are procedurally barred.

## IV.  **CONCLUSION**

Wherefore, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (Dkt. # 20) be GRANTED; the Petitioner's Motion for Summary Judgment (Dkt. #25) be DENIED; and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.


                                        s/Bruce Howe Hendricks
                                        United States Magistrate Judge

March 18, 2009
Greenville, South Carolina


**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).